70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darrell Wayne WINKLER, Defendant-Appellant.
 No. 95-5288.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1995.
Decided Nov. 15, 1995.
 
 Paul M. Weiss, MARGOLIS, PRITZKER & EPSTEIN, P.A., Towson, Maryland, for Appellant. Lynne A. Battaglia, United States Attorney, Ira L. Oring, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before NIEMEYER and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Darrell Wayne Winkler appeals his sentence on his conviction of violating 18 U.S.C. Sec. 371 (1988), conspiracy to transport stolen property interstate. Winkler contends that the district court erred in determining the amount of loss attributable to him concerning the theft of 100 blank cashier's checks. Winkler claims that the court should have used the amount of loss from the checks actually negotiated by Winkler, instead of basing the amount on what he could reasonably foresee as his fellow conspirators' conduct. Finding no reversible error, we affirm Winkler's conviction and sentence.
 
 
 2
 We review a factual finding of an amount of loss for clear error. United States v. West, 2 F.3d 66, 71 (4th Cir.1993). We find that there was no reversible error in this case. In calculating the amount of loss under United States Sentencing Commission, Guidelines Manual, Sec. 2F1.1(b)(1) (Nov.1994), the loss need not be determined with exact precision. The district court need only make a reasonable estimate of the loss, given the available information. U.S.S.G. Sec. 2F1.1 comment. (n.8).
 
 
 3
 Exercising caution, the district court did not use all one hundred cashier's checks in determining the amount of loss because many of the cashier's checks were still blank, or negotiation had not yet been attempted. Further, Winkler's understanding of the scope of the conspiracy was an issue because his fellow conspirators had attempted to negotiate checks of greatly varying denominations. The commentary to Sec. 2F1.1 provides: "[I]f the intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it were larger than the actual loss." U.S.S.G. Sec. 2F1.1 comment. (n.7). Thus, the court calculated the amount of loss based only on the number of checks the conspirators actually negotiated or attempted to negotiate.
 
 
 4
 The district court used a median amount to determine the total amount Winkler could reasonably have foreseen. Given that Winkler attempted to negotiate checks ranging from $284 to $5000, the court's finding of a median amount of $1,200 per check was not clearly erroneous. Further, the court found that Winkler's coconspirators' acts were foreseeable by him, and attributed their acts to Winkler for sentencing. United States v. Moore, 29 F.3d 175, 178 (4th Cir.1994). A $72,000 loss was foreseeable to Winkler, given his knowledge of the number of blank checks available and the dollar amounts he had attempted to negotiate. While Winkler could have negotiated the blank cashier's checks for an almost unlimited amount of money, the district court found the amount of loss to be $72,000. The factual predicates the district court used to determine the amount of loss were not clearly erroneous, and the district court correctly applied U.S.S.G. Sec. 2F.1(b), comment n. 8.
 
 
 5
 Accordingly, we affirm Winkler's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.